```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION
```

| | | |
|---|---|---|
| ALEXANDER TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2598 |
| | § | |
| INTERNATIONAL FRONTIER | § | |
| FORWARDERS, INC., JOSE G. | § | |
| DIAZ, GUSTAVO TILLERO, and | § | |
| SHIPCO TRANSPORT, INC., | § | |
| | § | |
| Defendants. | § | |

<u>ORDER</u>

Pending is Plaintiff's Request for Entry of Default (Document No. 13), in which Plaintiff shows that Defendant Jose G. Diaz ("Diaz") was served with state citation and a copy of the state petition on August 12, 2005, and that Defendant International Frontier Forwarders, Inc. ("Frontier") was served with state citation and a copy of the state petition on September 12, 2005. Plaintiff's Original Petition was filed in the 189th Judicial District Court of Harris County, Texas, the citations were both issued by the Clerk of the State Court, and appear to have been served on Defendants Diaz and Frontier, respectively, on August 12, 2005, and September 12, 2005, as Plaintiff alleges. This case, however, previously had been removed from the 189th Judicial District Court of Harris County, Texas, to this Court by Defendant

Shipco Transport, Inc. on July 27, 2005.  Thus, the case was removed and was pending in this Court before Diaz and Frontier were served with the state citations.

"Upon the filing of a proper petition for removal and upon compliance with the applicable statutes, the state court loses jurisdiction and all further process must issue from the Federal Court." Allman v. Hanley, 302 F.2d 559, 562 (5th Cir. 1962). *See also* Beecher v. Wallace, 381 F.2d 372, 373 (9th Cir. 1967) ("[W]here the defendant has never been put on notice of the state court proceeding prior to removal . . . the federal court cannot 'complete' the state process by permitting it to be served after removal; rather the federal court must issue new process pursuant to Rule 4 of the Federal Rules of Civil Procedure.  The state court process becomes null and void on the date the action is removed to the federal court."); 28 U.S.C. § 1448.

Service of the state citations on Defendants Diaz and Frontier are therefore ineffective to bring them within the jurisdiction of this Court because those citations were not served until after the case was removed to federal court.  Plaintiff has not presented proof that lawful summons and a copy of the Complaint have been served upon these Defendants such as to subject them to the jurisdiction of this Court.  Accordingly, it is

ORDERED that Plaintiff's Request for Entry of Default (Document No. 13) is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 14th day of December, 2006.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE